UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARY MOORE, *et al.*,
        Plaintiffs,

v.

DAIICHI SANKYO, *et al.*,
        Defendants.

Case No. 4:15-cv-1156

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

      The Court should deny Defendants'' Motion to Stay (CM/ECF Doc. 3). This action was improperly removed as complete diversity of the parties is lacking. There is no just reason to delay remanding this action to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri. A stay would serve no purpose but to prejudice the Plaintiffs by needlessly delaying their prosecution of this action.

**FACTUAL BACKGROUND**

      This lawsuit, originally filed in the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri, involves multiple, properly joined Plaintiffs. Plaintiffs all allege injuries caused by Defendants' wrongful conduct in the researching, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting, and selling of the drug *olmesartan medoxomil*, which Defendants market as Benicar®, Benicar HCT®, Azor®, and/or Tribenzor®. (Pet., CM/ECF Doc. 10). Defendants, by their own admission, share Delaware and/or New Jersey citizenship with some of the Plaintiffs. Therefore, there is not complete diversity of citizenship between the parties, and the Court lacks subject matter jurisdiction.

Defendants removed this case in order to seek its transfer to the District of New Jersey as part of the actions consolidated within the *In re: Benicar (Olmesartan) Products Liability Litigation (MDL 2606)* multidistrict proceeding. Defendants' removal, and the transfer they seek, are exercises in judicial futility, doomed to failure at the outset, and orchestrated solely for the purposes of delay. As more fully explained in the Plaintiffs' Motion to Remand and Memorandum in Support (CM/ECF Docs. 13-14), which are incorporated by reference herein, Defendants' have no reasonable grounds for removing this case.

Defendants removed this action simply for the sake of delay. This is evidenced by Defendants seeking to stay this case and thereby delay judicial review of Plaintiffs' Motion to Remand. To avoid timely judicial review of Plaintiffs' Motion to Remand, Defendants seek to have the case transferred across the country and between federal courts.

As explained below, the Judges of this District have acted properly in denying similar stay motions and resolving the threshold matter of subject matter jurisdiction prior to resolution of the transfer issue by the Judicial Panel on Multidistrict Litigation ("JPML"). Accordingly, Plaintiffs respectfully request this Court deny Defendants' stay request and remand this case to the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**ARGUMENT**

Defendants go to great lengths to try and convince this Court of a proposition that is simply not true. Despite the picture that the Defendants try to paint, there is no general rule that transferor courts should delay ruling on remand motions simply because the action may be transferred to an MDL. In accordance with JPML Rules and well-established precedent that jurisdiction is a threshold matter considered first in priority, the Judges of this District have routinely denied Motions to Stay in similar cases.

Under the JPML Rules, a Conditional Transfer Order does not divest the proposed transferor court of its power to rule on Plaintiffs' remand motion: "The pendency of a … conditional transfer order … before the panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pre-trial proceedings in any pending federal district court action and **does not limit the pre-trial jurisdiction of the court**." JPML Rule of Procedure 2.1(d) (emphasis added); *see also* Manual for Complex Litigation § 20.131 (4th Ed. 2004) ("[m]atters such as motions to dismiss or remand … may be particularly appropriate for resolution before the panel acts on the motion to transfer."); *J.C. v. Pfizer, Inc.,* 2012 U.S. Dist. Lexis 136791, at **10-11 (S.D.W.Va., Sept. 25, 2012) ("The establishment of an MDL and the processing of a conditional transfer order do not, however, undermine this court's ability to consider and dispose of a remand motion.").

Jurisdiction is a threshold matter considered first in priority. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). The subject matter jurisdiction analysis in this case is not arduous and there is no reason to delay the analysis until after this case has been transferred to the MDL. *See Pennsylvania v. TAP Pharm. Prods., Inc.,* 415 F. Supp. 2d 516, 521 (E.D. Pa. 2005) ("[G]ranting a stay solely based on the existence of a factually related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and JPML Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns.").

Given the importance of deciding jurisdiction at the outset, the Judges of this District have routinely denied motions to stay in similar cases under similar circumstances. *See e.g., Spiller, et al. v. Fresensius USA, Inc., et al.*, No. 4:13-CV-02538-HEA (E.D. Mo. Jan. 27, 2014) (Autrey, J) (Opinion, Memorandum and Order, CM/ECF Doc. 30) ("Jurisdiction of the court is

3

always the paramount consideration. As such the request to stay will be denied.") (Exhibit 1); *Littlejohn, et al. v. Janssen Research & Development, LLC, et al.*, No. 4:15-cv-00194-CDP (E.D. Mo. April 13, 2015) (Perry, J.) (Memorandum and Order, CM/ECF Doc. 27) (Exhibit 2); *Lovett, et al. v. Pfizer Inc.*, No: 4:14-cv-00458-CEJ (E.D. Mo. March 26, 2014) (Jackson, J.) (Memorandum and Order, CM/ECF Doc. 15) (Exhibit 3) ("'A putative transferor court need not automatically postpone rulings on pending motions, or in any way suspend proceedings, merely on grounds that an MDL transfer motion has been filed'. . . Waiting for a decision by the JPML before ruling on the motion for remand 'would not promote the efficient administration of justice.' Accordingly, defendant's motion to stay will be denied."). Similarly, there is no reason to delay ruling on remand in the present case.

It is clear that remand is proper in this action, and the applicable subjection matter jurisdiction analysis in this context is well-established and non-arduous. Considering that there is no federal subject matter jurisdiction in the first instance, Plaintiffs should not be forced to prosecute their motion to remand in the United States District Court for the District of New Jersey merely because an MDL has been created.

Defendants' claims of hardship are wholly devoid of merit. Defendants' desire to avoid the state judiciary and avoid the body of law limiting federal subject matter jurisdiction is irrelevant to demonstrating any hardship, prejudice, or inequity. The hardship, prejudice, and inequity Defendants claim is legally unavoidable because it arises out of the limits on federal subject matter jurisdiction.

Plaintiffs, on the other hand, would be prejudiced by a stay of these proceedings prior to ruling on their motion to remand. If this action is transferred to the MDL, as Defendants desire, Plaintiffs will be substantially delayed in the prosecution of their case. As a simple matter of

logistics, given the size and the scope of the MDL proceedings and the multitude of non-jurisdictional issues that Court must address to move the cases properly before it forward, it is unlikely that the Plaintiffs will receive a final ruling on their Motion to Remand for quite some time. Accordingly, remanding this case without further delay would actually serve the interests of judicial economy as it would avoid additional federal judicial resources being expended on a case where subject matter jurisdiction is lacking.

    For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay.

Respectfully submitted,

/s/ *Roger C. Denton*
Roger C. Denton
Kristine K. Kraft
Rachel A. Harris
SCHLICHTER, BOGARD & DENTON, LLP
100 South Fourth Street. Ste 600
St. Louis, MO 63102
314-621-6115 (telephone)
314-621-7151 (facsimile)
rdenton@uselaws.com
kkraft@uselaws.com
rharris@uselaws.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 4th day of August 2015, to all counsel of record.

                     *Roger C. Denton*