UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION | : : : : | Master Docket No. 15-2606 Civ. No. 15-08823 (RBK/JS) |
| MARY MOORE, et al., Plaintiffs, v. DAIICHI SANKYO, INC., et al., Defendants. | : : : : : : : : : | **OPINION** |

**Kugler**, United States District Judge:

The matter before the Court is one action brought by 79 plaintiffs proceeding as part of a multidistrict litigation ("MDL") wherein it has been alleged that injuries and damages resulted from the ingestion of pharmaceutical drugs developed and marketed by Defendants. Currently pending is Plaintiffs' Motion to Remand ("the Motion"). (Doc. No. 13.) For the reasons that follow, the Motion will be granted in part and denied as moot in part.

**I.      BACKGROUND**

Plaintiffs initiated this action on June 26, 2015 in the Circuit Court of the City of St. Louis, Missouri. On July 28, 2015, Defendants removed the action to United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1441 and upon doing so filed a Motion to Stay all proceedings pending potential transfer into this MDL. The Motion to Stay was subsequently granted. On August 4, 2015, Plaintiffs moved to remand to state court for lack of subject matter jurisdiction. (Doc. Nos. 13, 14.) In

1

December of 2015, the Judicial Panel on Multidistrict Litigation issued an order transferring the case from the Eastern District of Missouri to the District of New Jersey pursuant to 28 U.S.C. § 1407. Following the transfer to this Court the stay was lifted. Therefore, Plaintiffs' Motion to Remand may now be properly considered.

Case Management Order ("CMO") number 7 in this MDL dictates that "multi-plaintiff complaints shall not be filed in this litigation without leave of the Court and for good cause shown." (Doc. No. 67 at 1 in Master Doc. 15-2606.) In the event that such a complaint is filed, the Clerk of the Court is "directed to sever all existing multi-plaintiff complaints." (Id.) The order further provides that counsel representing Plaintiffs who intend to pursue claims on an independent basis "shall serve a separate complaint and pay a new filing fee for each severed complaint." (Id.) The Court, however, has not required the severance of derivative claims asserted by co-plaintiff spouses or children.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441, defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 161 (1997). A case that is removed to district court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Where a complaint does not raise a question of federal law, a district court may properly exercise subject matter jurisdiction only if the amount in controversy exceeds the value of $75,000 and diversity exists among the adverse parties. *See* 28 U.S.C. § 1332(a). The Supreme Court of the United States has

2

long interpreted the general diversity statute to require *complete* diversity between plaintiffs and defendants. *See, e.g., Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005). This requirement of complete diversity is understood to mean that no plaintiff can be a citizen of the same state as any of the defendants at the time the complaint was filed and at the time of removal. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (internal quotations omitted). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332.

### III.   DISCUSSION

Plaintiffs move to remand the action to state court on the grounds that the parties lack complete diversity of citizenship and, therefore, federal subject matter jurisdiction is lacking.

From the record, it appears that at the time of this action's commencement Defendant Daiichi Sankyo, Inc. was a Delaware Corporation with principal place of business in New Jersey. (Doc. No. 1-1 at 18.) Defendant Daiichi Sankyo U.S. Holdings, Inc. was a Delaware Corporation with principal place of business in New Jersey. (Id.) Defendant Forest Laboratories, LLC was a Delaware LLC with principal place of business in New Jersey.[1] (Id. at 20, 21.) Defendant Forest Pharmaceuticals, Inc. was a

---

[1] "The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F. 3d 412, 419 (3d Cir. 2010). No party has identified

Delaware corporation with principal place of business in Missouri. (Id. at 21.) Defendant Forest Research Institute, Inc. was a New Jersey corporation with principal place of business in New Jersey. (Id.)

The following Plaintiffs maintain citizenship in the same state where one or more Defendants are incorporated or have principal place of business:

| Plaintiff | State | Plaintiff | State |
|---|---|---|---|
| Mary Moore | Missouri | Marianne Saputo | Missouri |
| Kenneth Wells | Missouri | James Hoffman | Missouri |
| Deborah Currie | Missouri | George Ritzie | Delaware |
| Iris Twelbeck | New Jersey | Paul Copenhaver | Missouri |
| Claudette Woodlen | Delaware | Judith Moebis | New Jersey |
| Cindy Adams | New Jersey | Geraldine Zanna | New Jersey |
| Eleanor Both | New Jersey | James Bittel | New Jersey |
| Barbara Cairoli | New Jersey | Gretchen Berenato | New Jersey |
| Von Duhart | New Jersey | Patricia Brown | Delaware |
| Carol Hirschen | New Jersey | Arlene Jacobsen | New Jersey |
| Darlene Justynski | New Jersey | Barrie White | New Jersey |
| Dimakis Kalogerakos | New Jersey | Scott Ortega | New Jersey |
| Zatiti Moody | New Jersey | Ralph Loree | New Jersey |
| Stephen Ratz | New Jersey | Joseph Garofolo | New Jersey |
| Joan Richardson | New Jersey | Lisa Dannunzio | New Jersey |
| Bedelia Sanchez | New Jersey | Lori Sickler | New Jersey |

---

the members of Forest Laboratories, LLC. For the purposes of this Motion the Court assumes that the citizenship of the LLC Defendant does not alter the disposition of the Motion to Remand.

4

| Carmen Simmons | New Jersey | Marion Poyner | New Jersey |
|---|---|---|---|
| Rita Vandergrift | New Jersey | | |

(Doc. No. 1-1 at 9-18)

Because each of the Plaintiffs named in the foregoing table is a citizen of the same state in which one or more Defendants are incorporated or have principal place of business, complete diversity among the parties is lacking and, therefore, the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, the Motion to Remand will be granted in part with respect to those Plaintiffs who are listed in the table above.

As to all Plaintiffs who are not citizens of either New Jersey, Delaware or Missouri, the issue of complete diversity of citizenship is mooted by virtue of the management order requiring the severance of all existing multi-plaintiff complaints. (Doc. No. 67 at 1 in Master Doc. 15-2606.) Plaintiffs who intend to pursue claims on an individual basis must re-file independently within ten (10) days after the date of the issuance of the Order accompanying this decision.[2]

IV.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand will be granted in part as to Plaintiffs who are citizens of New Jersey, Delaware, and Missouri, and denied as moot with respect to all other Plaintiffs.

An accompanying Order will issue.

---

[2] The order requiring separate re-filing will not apply to complaints in which only one individual alleges injury from Defendants' product(s), but where other Plaintiffs such as spouses or children assert derivative claims predicated on that injury. Plaintiffs' complaint at ¶ 24 reflects that James Greer and Lorraine Greer joined in the action as co-plaintiff spouses. (Doc. No. 1-1 at ¶ 24.)

5

Date:  July  27 , 2016

                                                                                     s/ Robert B. Kugler  
                                                                              ROBERT B. KUGLER, U.S.D.J.